IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REWA C. HALTON,<br><br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and DOE INSURANCE COMPANY,<br><br>    Defendants. | Case No. 3:18-cv-00822-G (BT) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action is Defendants Select Portfolio Servicing, Inc. and Mortgage Electronic Registration Systems, Inc.'s Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim (ECF No. 9). For the reasons stated, the motion should be GRANTED.

**Background**

This lawsuit arises out of the foreclosure of residential property located in Dallas, Texas (the "Property"). Pl.'s Compl. 2 (ECF No. 3). On September 22, 2005, Plaintiff Rewa C. Halton ("Halton") and her husband Rodney G. Halton obtained a mortgage loan (the "Loan") from Long Beach Mortgage Company ("Long Beach") for the Property. Defs.' Mot. 8. In connection with the Loan, the Haltons executed a promissory note (the "Note") and a deed of trust (the "Deed of Trust") in favor of

1

Long Beach.[1] Thereafter, Long Beach assigned the Deed of Trust to Deutsche Bank National Trust Company, as Trustee, in trust for registered Holders of Long Beach Mortgage Loan Trust 2006-WL2, Asset-Backed Certificates, Series 2006-WL2.[2]

On April 4, 2018, Halton filed this lawsuit to stop foreclosure proceedings initiated against the Property. As best the Court understands her complaint, Halton alleges that any default on the Loan was the result of poor recordkeeping or other wrongdoing by Defendants Select Portfolio Servicing, Inc. ("SPS")—the current mortgage servicer—and Mortgage Electronic Registration Systems, Inc. ("MERS"), as well as "Doe Insurance Company" and 1-20 "Doe Defendants." *See* Pl.'s Compl. She further appears to allege that Doe Insurance Company and the other Doe Defendants wrongfully profited from an insurance policy purportedly in place to compensate them if Halton defaulted on the Loan. *Id.* 3-4. Additionally, she maintains that if some entity was compensated for her default, the Property is not subject to foreclosure. *Id.* Lastly, she alleges her obligations under the Loan were extinguished. *Id.* Her complaint asserts claims for: (1) negligence; (2) fraudulent misrepresentation, deceit, and concealment by deceptive account maintenance and fraudulent intent causing foreclosure; (3) breach of two written

---

[1] Defs.' App., Exs. A & B at 1-17 (ECF No. 10-1). Halton refers to and relies on the Note and Deed of Trust throughout her complaint. As such, the Court may consider the Note and Deed of Trust when ruling on Defendants' Motion. *See Holmes v. Nat'l Football League*, 939 F. Supp. 517, 520 n.2 (N.D. Tex. Aug. 27, 1996).

[2] Defs.' App., Ex. C at 18-19 (ECF No. 10-1). The Corporate Assignment of Deed of Trust ("Assignment") was recorded in the Dallas County real property records. Because the Assignment is a public record, the Court takes judicial notice of it pursuant to Fed. R. Evid. 201(b).

contracts; (4) unjust enrichment (by conversion) and restitution; and (5) trespass to try title and quiet title. In addition to damages, Plaintiff seeks declaratory and injunctive relief, an accounting, and attorneys' fees.

Defendants filed their Rule 12(b)(6) motion on May 11, 2018, arguing that Halton failed to state a claim for any alleged cause of action. Halton failed to respond to the motion, so the Court considers Defendants' motion without the benefit of a response.

## Legal Standard

To survive Defendants' Rule 12(b)(6) motion to dismiss, Halton's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Halton's factual allegations must "'raise [her] right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). Halton's claims have facial plausibility if she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to [Halton]." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does not accept as true

3

"'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Additionally, it is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citing *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989)).

## Analysis

### A. Negligence Claim[3]

Halton first alleges that Defendants were negligent in servicing the Loan by failing to keep an accurate accounting of, or properly credit, her payments and by preparing and filing false and inaccurate documents. Pl.'s Compl. 4-5, ¶ 17-18. Defendants argue that these allegations fail to state a claim as a matter of law because (1) Plaintiff's claim for negligence is barred by the economic loss rule, and (2) Defendants owed no tort duty to Halton. Defs.' Mot. 11, ¶ 1-2.

---

[3] To the extent Halton asserts Defendants' alleged negligence arose out of false or misleading statements, the Court addresses those allegations below with Halton's fraud claim.

4

Under Texas law, the elements of a negligence claim are: (1) a legal duty owed by one person to another; (2) breach of that duty; and (3) damages proximately caused by the breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Sport Supply Group, Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 466 (5th Cir. 2003)); *see also Nabors Drilling, USA, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009) (quoting *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex. 2002)). However, "there is no special relationship between a mortgagor and a mortgagee, or between a servicer and a borrower, that would impose an independent common law duty on Defendant[s]." *Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) *(*citing *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex. 1962); *UMLIC VP LLC v. T & M Sales & Envtl. Sys., Inc.,* 176 S.W.3d 595, 613-15 (Tex. App.—Corpus Christi 2005, pet. denied); *Fraley v. BAC Home Loans Servicing, LP,* 2012 WL 779130, at *8 (N.D. Tex. Jan. 10, 2012), *adopted by* 2012 WL 779654 (N.D. Tex. Mar. 9, 2012); *see also Riley v. Wells Fargo Bank, N.A.*, 2014 WL 129397, at *8 (S.D. Tex. Jan. 8, 2014) (citations omitted) ("In the mortgage context, there is, as a matter of law, no such legal duty that would give rise to a negligence claim."). Although Halton states that Defendants "had a duty to exercise reasonable care and skill to maintain proper and accurate loan records," and that they owed her a "duty of care and skill . . . in the servicing of [her] loan," she has failed to plead Defendants owed her any legal duty recognized under Texas law. Pl.'s Compl. 4-5, ¶ 17-18. Even accepting as true any nonconclusory facts alleged in her complaint, Halton cannot state a  negligence claim because she

5

cannot plead Defendants owed her a tort duty. Accordingly, her claim for negligence should be dismissed.

Because Halton cannot plead that Defendants owed her a legal duty, the Court pretermits consideration of Defendants' argument regarding the economic loss rule.

### B. Fraud Claim

Halton alleges a second cause of action for "fraudulent misrepresentation, deceit and concealment by deceptive account maintenance and fraudulent intent causing foreclosure." Pl.'s Compl. 5. She alleges fraud based on Defendants' "intentional and recklessly untrue statements [acts] and representation of facts." *Id.* 5, ¶ 21. She also claims, "Defendants made . . . false representations, concealments and non-disclosures [sic] with knowledge of the misrepresentations, intending to induce Plaintiffs' [sic] reliance." *Id.* 6, ¶ 24.

> The elements of common-law fraud in Texas are:
>
> > (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury.

*Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010) (per curiam) (citing *Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001)). Defendants argue that Halton's fraud claims

6

should be dismissed because (1) they fail to meet the heightened pleading standard under Fed. R. Civ. P. 9(b), and (2) they are also barred by the economic loss rule. Defs.' Mot. 12.

Under Fed. R. Civ. P. 9(b), when "alleging fraud . . . a party must state with particularity the circumstances constituting fraud." *See also Tuchman v. DSC Comm'cns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994) (noting that Fed. R. Civ. P. 9(b) "imposes a heightened level of pleading for fraud claims"). To satisfy Rule 9(b), Halton must allege with specificity "the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why there are fraudulent." *Plotkin*, 407 F.3d at 696 (citing *Nathenson v. Zonagen,* 267 F.3d 400, 412 (5th Cir. 2001)); *see also United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997) ("Rule 9(b) requires that a plaintiff set for the 'who, what, when, where, and how' of the alleged fraud.") (quoting *Williams v. WMX Tech., Inc.,* 112 F.3d 175, 179 (5th Cir. 1997)). Both fraud and fraudulent inducement claims are subject to Rule 9(b)'s requirements. *Miller*, 970 F. Supp. 2d at 582.

Here, Halton's fraud and fraudulent inducement allegations, to the extent she pleads a fraudulent inducement claim, do not meet Rule 9(b)'s requirements. Halton pleads Defendants promised that if Halton would "simply stop paying the sums under the Note that plaintiff would qualify for a reduction in principal, monthly payments, interest or other terms beneficial to plaintiff." Pl.'s Compl. 5, ¶ 21 (internal quotation marks omitted). Halton does not identify who made this

7

statement or when and why it was made. Moreover, Halton's explanation that the statement was fraudulent simply because it was "never intended by defendants to be fulfilled" is insufficient under Rule 9(b)'s particularity standard. *Id.*; *see Miller*, 970 F. Supp. 2d at 583.

Halton also cursorily states that Defendants' taking of excessive fees, charges, and interest violated the federal and state "Fair Debt Collection Practices Act" as well as "TILA, RESPA, Regulation Z." Pl.'s Compl. 6, ¶ 22. Merely invoking statutes by name—or acronym—does not satisfy her pleading burden. Halton's claims for fraud and fraudulent inducement should be dismissed.

Because Halton failed to meet the heightened pleading standard for fraud, the Court pretermits addressing Defendants' argument on the economic-loss rule regarding fraud.

### C. Breach of Contract

Halton next alleges Defendants breached two written contracts. Under Texas law, to prevail on a breach of contract claim Halton must show: "(1) the existence of a valid contract; (2) performance or tendered performance by plaintiff; (3) that defendants breached the contract; and (4) damages sustained by plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (citing *Valero Mktg. & Supply Co. v. Kalama Intern.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). Defendants argue that Halton's breach-of-contract claim should be dismissed because (1) Halton has failed to specify which provisions of the contracts were breached and (2) Halton

8

has not pleaded that she performed or tendered performance under the contracts. Defs.' Mot. 15.

Indeed, Halton's failure to allege precisely which parts of the contracts Defendants breached is a basis for dismissal. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (per curiam) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached); *King v. Wells Fargo Bank, N.A.*, 2012 WL 1205163 at *2 (N.D. Tex. Mar. 20, 2012) ("Under Texas law, . . . a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.") (citations omitted). Halton alleges "the original loan agreement set forth dates by which monthly principal and interest payments were due, and when late fees and other charges could be assessed." Pl.'s Compl. 7, ¶ 33. However, she does not identify which provision Defendants breached or state that Defendants breached any provisions governing payment or late fees at all. Halton also references an "implied term of the loan contract" without providing additional detail and repeats that the "terms of the note required payments made by Plaintiffs to be applied properly." *Id.* 7-8, ¶ 33-34. Last, Halton alleges there exists a "novation" or a modification agreement that commenced in October 2012. *Id.* 8, ¶ 34. But, in addition to failing to allege which provisions of any agreement Defendants breached, Halton fails to specifically identify which two agreements, or combination of agreements and modifications, Defendants breached. Thus, she has failed to sufficiently state a breach-of-contract claim.

9

Even if Halton had identified specific parts of a specific contract, or contracts, her breach-of-contract claim fails because she does not allege she tendered performance or performed under any contract. *See Villarreal v. Wells Fargo Bank*, N.A., 814 F.3d 763, 767 (5th Cir. 2016) (quoting *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam)) ("[Plaintiff] urged that Wells Fargo breached its contract by failing to send notices to her new residence . . . and to make automatic withdrawals from her checking account for mortgage payments. But a plaintiff must allege her own performance, because 'a party to a contract who is [herself] in default cannot maintain a suit for its breach.' At no point did [Plaintiff] plead facts supporting the second element of her breach-of-contract claims—that she performed under the contracts."). Because Halton has failed to plead facts on an essential element of her breach-of-contract claim, her claim should be dismissed.

### D. Unjust Enrichment

Halton also asserts a claim for unjust enrichment by conversion and seeks restitution as a remedy. Pl.'s Compl. 8, ¶ 37-39. Halton may bring an unjust enrichment claim if Defendants wrongfully secured a benefit or have passively received one that would be unconscionable to retain. *See Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 367 (Tex. App.—Dallas 2009, pet. denied) (citing *Villarreal v. Grant Geophysical, Inc.,* 136 S.W.3d 265, 270 (Tex. App.—San Antonio 2004, pet. denied)). A person is unjustly enriched when he obtains a benefit from another by fraud, duress, or the taking of

an undue advantage. *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992) (citations omitted). Defendants argue Halton's unjust enrichment claim should be dismissed because (1) an express contract governs the subject matter of the present dispute; (2) Halton has not alleged facts demonstrating Defendants obtained a benefit from Halton by fraud, duress, or the taking of an undue advantage; and (3) Halton is not entitled to restitution as a remedy because she made voluntary payments under the Loan. Defs.' Mot. 17-18.

Regarding Defendants' first argument, "Texas law is clear that [an unjust enrichment] claim is unavailable where a contract addresses the disputed matter, as is the case with the foreclosure process." *Frazier v. Wells Fargo Bank, N.A.*, 541 F. App'x 419, 422 (5th Cir. 2013) (per curiam) (citing *Miga v. Jensen*, 299 S.W.3d 98, 102 (Tex. 2009)). Here, Halton admits the existence of more than one contract central to the dispute between the parties; thus, Halton cannot state a claim for unjust enrichment. *Katz v. JP Morgan Chase Bank Nat. Ass'n*, 2013 WL 6709178, at *3 (S.D. Tex. Dec. 18, 2013) ("Here, [Plaintiff's] mortgage is covered by the Deed of Trust, which is a contract between [Plaintiff] (the mortgagor) and [Defendant] (the mortgagee by assignment). . . . Thus, [Plaintiff] fails to state a claim upon which relief can be granted as to [her] unjust enrichment claim."). Because the Note and the Deed of Trust govern the rights and obligations of the parties, including issues related to payment and foreclosure, Halton cannot maintain a cause of action against Defendants for unjust enrichment. Her unjust enrichment claim should be dismissed.

### E. Quiet Title and Trespass to Try Title Claims

Next, Halton attempts to bring claims to quiet title and for trespass to try title. Pl.'s Compl. 9. To state a quiet title claim, Halton must prove: "(1) [her] right, title, or ownership in real property; (2) that [Defendants have] asserted a 'cloud' on her property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that [Defendants'] claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (per curiam) (citing *Gordon v. W. Hous. Trees, Ltd.,* 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). To prevail on a trespass to try title claim, Halton must prove she has title to the property by: (1) a regular chain of conveyances from the sovereign; (2) superior title out of a common source; (3) limitations; or (4) prior possession coupled with proof that possession was not abandoned. *See Richardson v. Wells Fargo Bank, N.A.,* 873 F. Supp. 2d 800, 816 (N.D. Tex. June 29, 2012) (citing *Caress v. Lira,* 330 S.W.3d 363, 364 (Tex. App.—San Antonio 2010, pet. denied)).

For both her quiet title and trespass to try title claims, Halton "must prove and recover on the strength of [her] own title, not the weakness of [her] adversary's title." *Warren*, 566 F. App'x at 382 (quoting *Fricks v. Hancock,* 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)) (internal quotation marks omitted); *see also Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted); *Cruz v. OneWest Bank, FSB*, 2012 WL 1684622, at *2 (N.D. Tex. May 15, 2012)

(citation omitted). Additionally, "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. June 15, 2012) (ellipses in original) (citation omitted).

Halton's quiet title and trespass to try title claims are based solely on her conclusory allegations that Defendants "hold themselves out as entitled to fee simple unencumbered ownership of the Subject Property by and through their claim of right to purchase the property by foreclosure." Pl.'s Compl. 9, ¶ 42. But she must plead facts "showing how she has superior title to the property," rather than attacking Defendants' title claim as invalid or unenforceable based on their allegedly wrongful foreclosure. *Miller*, 970 F. Supp. 2d at 590. In short, Halton has failed to plead facts, which, if proved, would establish her superior title. *See Reynolds v. Bank of Am., N.A.*, 2013 WL 1904090, at *7 (N.D. Tex. May 8, 2013). Additionally, Halton fails to allege facts demonstrating that she tendered the amount owed on the Note. *See, e.g., Campo v. Bank of Am., N.A.*, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016) ("Campo . . . has not alleged that he has tendered the balance of his loan. His quiet-title claim is legally insufficient for this additional reason and is dismissed."); *Cook-Bell*, 868 F. Supp. 2d at 591 (dismissing quiet title claim where plaintiff did not allege that she tendered the amount owed on the note). Therefore, Halton's quiet title and trespass to try title claims should be dismissed.

13

### F. Accounting

Halton demands "an accounting of her entire loan account both pre- and post-Novation or modification." Pl.'s Compl. 10, ¶ 46. Under Texas law, "[a]n action for an accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex. App.—Corpus Christi 2001, no pet.), *abrogated on other grounds by Binur v. Jacobo,* 135 S.W.3d 646, 650-51 (Tex. 2004) (citations omitted). Here, Halton pleads her request for an accounting as a separate cause of action. Pl.'s Compl. 10 (referring to a "seventh cause of action for accounting" and requesting that Defendants "pay the cost of this cause of action"). "Whether to grant an equitable accounting is left to the discretion of the court and 'is proper when the facts and accounts in issue are so complex that adequate relief cannot be obtained at law.'" *Emeribe v. Wells Fargo Bank, N.A.*, 2013 WL 140617, at *4 (S.D. Tex. Jan 10, 2013) (quoting *Brown v. Cooley Enters., Inc.,* 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). Because Halton has not alleged any facts to suggest the account in issue is so complex that adequate relief cannot be obtained at law, the accounting claim fails as a matter of law and should be dismissed.

### G. Requests for Declaratory and Injunctive Relief, and Attorneys' Fees

Last, Halton asks for declaratory and injunctive relief, as well as attorneys' fees. Halton asks the Court "to issue declaratory finding [sic] and conclusions of fact and law governing the rights and duties attendant to each party and determine the effect of same by action for declaratory relief under the [Texas Declaratory

14

Judgment Act (the "TDJA")]." Pl.'s Compl. 10, ¶ 48. But federal courts "cannot award relief pursuant to [the TDJA] because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules." *Falk v. Wells Fargo Bank*, 2011 WL 3702666, at *4 (N.D. Tex. Aug. 19, 2011) (citations and internal quotation marks omitted). And even if Halton's request for declaratory relief could be construed as a request under the federal Declaratory Judgment Act, she must plead a viable cause of action to be entitled to declaratory relief. *See Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th. Cir. 1990); *Miller*, 970 F. Supp. 2d at 591 (citation omitted) ("[A] request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action."). As determined above, Halton has not pleaded any viable causes of action, so her request for declaratory relief should be denied.

Similarly, a request for injunctive relief is not a cause of action itself, but is dependent on an underlying cause of action. *See, e.g., Horne v. Bank of Am., N.A.*, 2013 WL 765312, at *7 (N.D. Tex. Feb. 28, 2013) (citation omitted); *Smith v. Wells Fargo Bank, N.A.*, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014) (citations omitted). Here, because Halton has not pleaded a cause of action against Defendants, there is no underlying cause of action for which the Court can provide an equitable remedy. Thus, Halton is not entitled to an injunction.

Finally, Halton requests an award of attorneys' fees. Pl.'s Compl. 11. However, she is not entitled to attorneys' fees as a *pro se* litigant. *See Danial v.*

*Daniels*, 162 F. App'x 288, 291 (5th Cir. 2006) (per curiam) (citing *McLean v. Int'l Harvester Co.*, 902 F.2d 372, 373 (5th Cir. 1990)) ("Attorney's fees are not available to a non-attorney *pro se* litigant."). Moreover, she is also not entitled to attorneys' fees because she has failed to plead any viable causes of action. *See Everhart v. CitiMortgage, Inc.*, 2013 WL 264436, at *10 (S.D. Tex. Jan. 22, 2013) (citations omitted). Thus, Halton's request for attorneys' fees should be dismissed.

### H. Claims Against the Doe Defendants

As the party who initiated this litigation, Halton is primarily responsible for the progress of this case. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975))). The Federal Rules of Civil Procedure require that she serve the summons and a copy of the complaint upon each of the defendants. Fed. R. Civ. P. 4(c)(1). Here, the record does not reflect that Halton ever served Doe Insurance Company or any of the Doe Defendants. Therefore, Plaintiff's claims against these Defendants should be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Hickerson v. Christian*, 283 F. App'x. 251, 253 (5th Cir. 2008) (per curiam) ("A district court may *sua sponte* dismiss an action for failure to prosecute under Rule 41(b).") (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b)).

## Recommendation

For the reasons stated, Defendants' Rule 12(b)(6) Motion to Dismiss (ECF No. 9) should be GRANTED. Plaintiff Rewa Halton's claims against SPS and MERS for negligence and unjust enrichment, as well as her requests for attorneys' fees and for injunctive and declaratory relief, fail as a matter of law and should be DISMISSED with prejudice. Halton's claims against SPS and MERS for fraud, breach of contract, and quiet title/trespass to try title fail on grounds of factual insufficiency and should be DISMISSED without prejudice. Halton's claims against Doe Insurance Company and the Doe Defendants also should be DISMISSED without prejudice for failure to prosecute. The Court should grant Halton leave to amend her complaint within 14 days of the entry of an order accepting this recommendation. If Halton fails to file an amended complaint that cures the deficiencies identified herein, the Court should dismiss those claims with prejudice.

**SO RECOMMENDED.**

March 3, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).